THE STATE v. CLARK.

1. **Criminal Law:** RELEASING DISTRAINED SWINE. The word "stock," as used in section 2, chapter 188, Acts of the Eighteenth General Assembly, making it a misdemeanor to release distrained stock, has its ordinary meaning as used in agriculture, and includes swine.

*Appeal from Black Hawk District Court.*

TUESDAY, DECEMBER 9.

THE defendant, upon an information filed before a justice of the peace, was convicted of unlawfully releasing distrained

stock. He was again convicted upon an appeal to the district court, and now appeals to this court.

*E. M. Sharon*, for appellant.

*Smith McPherson, Attorney-general*, for the State.

BECK, J.—I. The facts of the case, as agreed upon, are these: The defendant forcibly and unlawfully released certain swine owned by him, which had been legally distrained. The cause of the distraint, as we understand it, was that the animals were unlawfully running upon the land of the distrainor. The prosecution is based upon section 2, chapter 188, Acts of the Eighteenth General Assembly, which is in these words: "That if any person, by force or otherwise, without leave of the person having stock under distraint, relieve the stock from distraint, he shall be guilty of a misdemeanor, and shall pay a fine of not less than ten dollars nor more than one hundred dollars, or by imprisonment in the county jail not less than ten days nor more than thirty days."

II. Defendant insists that the act of which he is charged is not an offense under the section, for the reason that under our statutes the word "stock," as used in the provision just quoted, does not include swine. The position is based upon the ground that Code, § 1450, as amended by chapter 70, Acts of the Fifteenth General Assembly, declares that the word "stock," as used in that section and the amendatory acts, means cattle, horses, mules and asses.

III. Before the act of the Fifteenth General Assembly, it was lawful for all stock to run at large, unless restrained upon a vote of the electors of the county at an election when the question was submitted by order of the supervisors. Code, § 309. That general assembly, in the act referred to, prohibited swine, sheep and goats from running at large. As the law stood after this enactment, the voters of the counties could determine only whether cattle, horses, mules and asses should run at large. Hence the word "stock," as used in

the act, and in Code, § 309, was restricted so as to apply only to the stock just enumerated. Under Code, § 1452, a person upon whose land any stock or domestic animals were found running at large contrary to law could distrain them. These statutes, therefore, provided for distraint of swine and other stock, when found trespassing upon the lands of the distrainor. The act of the Eighteenth General Assembly, above quoted, provides punishment for the act of unlawfully releasing "*stock*" from restraint. The word "stock," in agriculture, means domestic animals collected, raised or used on a farm. Webst. Dict. Its restricted meaning, as prescribed by the fourth section of chapter 70, Acts of the Fifteenth General Assembly, is expressly made applicable to that chapter, and to Code, § 309, and to no other statutes. The restricted meaning, therefore, fixed by the statute, is not to be applied to the word when it is found in other statutes. The word, when used in the second section of the Acts of the Eighteenth General Assembly, is not restricted in meaning by the older statute, but bears its common signification.

IV. It is obvious that the general assembly did not intend to make it punishable to release unlawfully from distraint cattle, horses, etc., yet prescribe no penalty for unlawfully releasing swine. The law authorizes the distraint of these several kinds of animals. It is not reasonable that the statute should punish the unlawful release of cattle, horses, mules and asses from distraint, and provide no penalty for a like unlawful act in releasing swine. Without a penalty punishing the unlawful release of swine distrained, the law cannot be well enforced. It is not reasonable to suppose that the legislature intended that the statute authorizing distraint of cattle, horses, mules and asses should be enforced by penalty, and that the same statute relating to swine should be disobeyed with impunity. In our opinion the judgment of the district court ought to be

AFFIRMED.